IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:96-187-JFA |
|---|---|---|
| v. | ) | ORDER |
| TERRENCE JONES | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No122) is DENIED. The defendant's binding plea agreement contained an agreed-upon sentence of 240 months which the court imposed. Pursuant to *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011), the court can only consider reducing a sentence imposed under an 11(c)(1)(C) agreement if the guidelines were specifically incorporated into the agreement, which was not the case here. Therefore, Amendment 750 does not apply due to the binding plea agreement in this case.

IT IS SO ORDERED.

February 7, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge